IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JACINTO MARTINEZ**                                                                            **PETITIONER**

v.                                    NO. 4:24-cv-00271-JM-PSH

**DEXTER PAYNE**                                                                                **RESPONDENT**

FINDINGS AND RECOMMENDATION

INSTRUCTIONS

The following proposed Recommendation has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

DISPOSITION

In this case, filed pursuant to 28 U.S.C. 2254, petitioner Jacinto Martinez ("Martinez") challenges his guilty plea to a charge of sexual extortion. His challenge is premised on his claim that he is actually innocent. It is recommended that this case be dismissed because his petition for writ of habeas corpus is untimely. Alternatively, the case should be dismissed because his claim of actual innocence, assuming the claim is cognizable, warrants no relief.

Martinez candidly admits in the petition at bar that he "threatened to produce and distribute nude photos of [a woman] if she did not stop having an affair with a certain person." See Docket Entry 2 at CM/ECF 5. "She continued to have the affair and the nude photos were produced and distributed." See Id. Martinez was subsequently charged as an habitual offender in an Arkansas state trial court with two counts of sexual extortion and ten counts of unlawful distribution of sexual images or recordings.

On November 28, 2022, Martinez pleaded guilty to one count of sexual extortion and two counts of unlawful distribution of sexual images or recordings.[1] He was sentenced to a term of years, "followed by four

---

[1] The remaining charges and the habitual offender sentencing enhancement were nolle prossed by the prosecution.

years' suspended imposition of sentence." See Docket Entry 7 at CM/ECF 2. A Sentencing Order was entered on the docket that same day, and he did not thereafter appeal any aspect of his guilty plea or sentence.[2]

On March 17, 2023, the state trial court docketed a letter from Martinez, a letter sent in an envelope that was postmarked one month earlier. See Docket Entry 7, Exhibit A at CM/ECF 81-85. In the letter, he made known his wish to file a petition for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37 ("Rule 37"). He also set forth the claims he wished to pursue, claims that included police and judicial misconduct, misrepresentations made by the victim, and ineffective assistance of counsel.

On April 10, 2023, Martinez filed a state trial court petition pursuant to Rule 37. See Docket Entry 7, Exhibit A at CM/ECF 98-103. In the petition, he advanced claims of prosecutorial and judicial misconduct and ineffective assistance of counsel. The state trial court denied the petition on July 28, 2023, because the petition was not filed in a timely manner. See Docket Entry 7, Exhibit A at CM/ECF 112-113. In denying the petition, the trial court found the following:

---

[2] Arkansas Rule of Appellate Procedure-Criminal 1(a) provides that there is no direct appeal from a guilty plea, although there are some exceptions to the rule. See Canada v. State, 2014 Ark. 336, 439 S.W.3d 42 (2014).

> ... The Sentencing Order was executed and filed on November 28, 2022. [The] Defendant has stated that he sent a letter indicating his desire to file a Petition for Ineffective Counsel. The letter was dated February 15, 2023. The letter was filed on March 17, 2023. The letter[,] if the Court recognized it as a Motion for Petition for Ineffective Counsel[,] failed to contain an Affidavit and was not filed in a timely manner. Therefore, the Defendant['s] letter failed as a pro se Motion for Ineffective Counsel. Moreover, the Defendant filed a Rule 37 Petition on April 10, 2023[,] the verification was signed on March 8, 2023. The ninety days to file the petition was on February 27, 2023.

See Docket Entry 7, Exhibit A at CM/ECF 112.

Martinez appealed the denial of his Rule 37 petition. On February 7, 2024, the Arkansas Court of Appeals granted the State's motion to dismiss and dismissed the appeal. See Docket Entry 7, Exhibit E.

On March 25, 2024, Martinez began this case by filing the petition at bar. He maintained in the petition that he is actually innocent of sexual extortion and only pleaded guilty because his attorney convinced him that sexual extortion was the "correct charge." See Docket Entry 2 at CM/ECF 5.[3] Martinez also addressed his failure to file a timely Rule 37 petition, noting that "[b]y the time [he] had access to a Law Library, the 90 day limit to file a Rule 37 Petition had passed. [He] attempted to file anyway, but to no avail." See Id.

---

[3] Martinez does not appear to challenge his guilty plea to two counts of unlawful distribution of sexual images or recordings.

4

Respondent Dexter Payne ("Payne") filed a response to the petition in which he maintained that the petition should be dismissed because it is untimely. Payne alternatively maintained that Martinez's freestanding claim of actual innocence is non-cognizable and otherwise foreclosed by his guilty plea.

Martinez thereafter filed a reply. In the reply, he clarified that he was not challenging the sufficiency of the evidence against him. He instead maintained that he is "factually and actually innocent of sexual extortion and any other sexual offense." See Docket Entry 9 at CM/ECF 2. Martinez additionally maintained the following: "Because of counsel's deception, [Martinez] was lulled into inaction from discovering and challenging this wrongful conviction until the time limit to file his habeas petition had expired." See Docket Entry 9 at CM/ECF 1. It was Martinez's contention that his actual innocence excuses the untimeliness of his petition and warrants relief as a freestanding claim.

A state prisoner has one year during which he may file a petition pursuant to 28 U.S.C. 2254. If he does not file his petition within that one-year period, excluding any applicable periods of tolling, the petition is barred. 28 U.S.C. 2244(d) provides that the one-year limitations period begins from the latest of one of four dates or events.

Payne maintains that the limitations period in this case is that found at 28 U.S.C. 2244(d)(1)(A), which provides that the one-year limitations period begins on the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. Applying 28 U.S.C. 2244(d)(1)(A) to the facts of this case, he maintains that the one-year limitations period began on December 28, 2022, or thirty days after the Sentencing Order was entered on the docket. See Camacho v. Hobbs, 774 F.3d 931 (8th Cir. 2015) (although a petitioner who pleads guilty in the State of Arkansas is generally barred from appealing, the judgment in such a case becomes final by the expiration of the time for filing a notice of appeal, i.e., thirty days).

Payne's position has merit and is adopted. The limitations period here is that found at 28 U.S.C. 2244(d)(1)(A). The Sentencing Order was entered on the docket on November 28, 2022, and Martinez's conviction became final on, or about, December 28, 2022. He therefore had up to December 28, 2023, to file a timely petition pursuant to 28 U.S.C. 2254. Martinez did not file his petition, though, until March 25, 2024. As a result, his petition is untimely. The only question is whether there is a reason for tolling the one-year limitations period or otherwise excusing the untimely filing of his petition.

28 U.S.C. 2244(d)(2) provides that the time during which a properly filed application for state post-conviction or other collateral review is pending shall not be counted toward any period of limitations. 28 U.S.C. 2244(d)(2) has no application here for two reasons.

First, Martinez had ninety days from November 28, 2022, or up to February 27, 2023, to file a timely Rule 37 petition.[4] He did not file his Rule 37 petition, though, until April 10, 2023, outside the ninety day period, and the state trial court dismissed it as untimely. Thus, the petition was not properly filed and did nothing to toll the one-year limitations period of 28 U.S.C. 2244(d)(1)(A).

Second, it is true that Martinez sent the state trial court a letter in which he made known his wish to file a Rule 37 petition. The envelope containing the letter was postmarked February 17, 2023, or within the ninety day period. Even were the letter construed as a Rule 37 petition, the letter did nothing to toll the one-year limitations period of 28 U.S.C. 2244(d)(1)(A). As the state trial court found, the letter did not comply with the filing requirements of state law and was not properly filed.[5]

---

[4]  See Ark. R. Crim. P. 37.2(c)(i) (petitioner who pleads guilty has ninety day from the date judgment is entered to file Rule 37 petition).

[5]  See Ark. R. Crim. P. 37.1(c), (d) (Rule 37 petition must be accompanied by petitioner's sworn affidavit, and petition shall be dismissed if it is not).

Although 28 U.S.C. 2244(d)(2) affords Martinez no benefit, the one-year limitations period for filing a timely petition pursuant to 28 U.S.C. 2254 may be equitably tolled. See Gordon v. Arkansas, 823 F.3d 1188 (8th Cir. 2016). In that case, the Court of Appeals explained that equitable tolling "asks whether federal courts may excuse a petitioner's failure to comply with federal timing rules, an inquiry that does not implicate a state court's interpretation of state law." See Id. at 1195 (internal quotation omitted) (emphasis in original). Equitable tolling is warranted if the petitioner has been pursuing his rights diligently and some extraordinary circumstance stood in his way and prevented a timely filing. See Id.

Here, equitable tolling is not warranted. Assuming, without deciding, that Martinez has been pursuing his rights diligently, he has failed to show that an extraordinary circumstance stood in his way and prevented him from filing a timely petition. Martinez' assertion—"[b]ecause of counsel's deception, [Martinez] was lulled into inaction from discovering and challenging this wrongful conviction until the time limit to file his habeas petition had expired," see Docket Entry 9 at CM/ECF 1—is not supported by any facts. Martinez does not specifically allege what his attorney may, or may not, have said or done to cause Martinez to miss the one-year deadline for filing a timely petition pursuant to 28 U.S.C. 2254.

Notwithstanding the foregoing, a showing of actual innocence may excuse the untimely filing of a petition pursuant to 28 U.S.C. 2254. See McQuiggin v. Perkins, 569 U.S. 383 (2013). "The actual innocence exception is demanding and seldom met and 'tenable actual-innocence gateway pleas are rare.'" See Story v. Kelley, No. 4:17-cv-00853-KGB, 2018 WL 3193807, 1 (E.D. Ark. 2018) (quoting McQuiggin v. Perkins, 569 U.S. 383, 386 (2013)). "A petitioner 'does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" See Story v. Kelley, 2018 WL 3193807, 1 (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)).

The actual innocence gateway affords Martinez no benefit. He has offered no new evidence suggesting that he is innocent. To the contrary, he candidly admits that he "threatened to produce and distribute nude photos of [a woman] if she did not stop having an affair with a certain person," and when the woman did not stop, "the nude photos were produced and distributed." See Docket Entry 2 at CM/ECF 5. Regardless of whether his assertion of actual innocence is one of factual innocence or mere legal insufficiency, the assertion is not the type of new evidence envisioned by Schlup v. Delo or Story v. Kelley.

Although Martinez's petition is barred by limitations, it likely serves the interests of justice by also noting that his freestanding claim of actual innocence warrants no relief. The United States Supreme Court has not decided whether a petitioner may be entitled to habeas relief on the basis of a freestanding claim of actual innocence. See McQuiggin v. Perkins, supra. See also Feather v. United States of America, 18 F.4th 982 (8th Cir. 2021). If there is such a claim, the threshold would be "extraordinarily high," see Herrera v. Collins, 506 U.S. 390 (1993), and require more convincing proof of innocence than the "gateway" standard that allows for the consideration of an otherwise procedurally defaulted claim upon a showing of actual innocence, see House v. Bell, 547 U.S. 518 (2006). The threshold would require a showing of new facts which "unquestionably establish" a petitioner's innocence. See Schlup v. Delo, 513 U.S. at 317. See also Cornell v. Nix, 119 F.3d 1329 (1997).

Here, as the undersigned has noted, Martinez has offered no new evidence suggesting that he is indeed innocent. To the contrary, he candidly admits that he "threatened to produce and distribute nude photos of [a woman] if she did not stop having an affair with a certain person," and when the woman did not stop, "the nude photos were produced and distributed." See Docket Entry 2 at CM/ECF 5.

In conclusion, Martinez's petition is untimely as it was filed after the conclusion of the one-year limitations period. There is no reason for tolling the one-year limitations period or otherwise excusing the untimely filing of his petition. It is therefore time barred. Alternatively, his freestanding claim of actual innocence, assuming the claim is cognizable, warrants no relief. It is therefore recommended that his petition be dismissed, all requested relief be denied, and judgment be entered for Payne. A certificate of appealability should also be denied.

DATED this 8th day of July, 2024.

_____
UNITED STATES MAGISTRATE JUDGE